859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy E. MCNEAL, Jr., Plaintiff-Appellant,
v.
U.S. STEEL MINING CO., INC., a subsidiary of United States
Steel Corporation, Defendant-Appellee
 No. 87-2647.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1988.
Decided Sept. 16, 1988.
 
 Andrew Raptis for appellant.
 Billy M. Tennant (Elizabeth L. Peters, Steven C. Hanley, Love, Wise and Woodrow on brief) for appellee.
 Before JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 
 
 1
 PER CURIAM;
 
 
 2
 After a bench trial, the district court made findings of fact and entered judgment for the defendant. The plaintiff was seeking overtime pay under the Fair Labor Standards Act, 29 U.S.C.A. Sec. 207 (West 1965 & Supp.1988). The court found, however, that at all relevant times the plaintiff was "employed in a bona fide executive ... capacity...." 29 U.S.C.A. Sec. 213(a)(1) (West Supp.1988).
 
 
 3
 We affirm, because the findings of fact are not clearly erroneous.
 
 I.
 
 4
 McNeal was employed in 1976 by Carbon Fuel Co. as a lab technician. Later, McNeal's responsibilities were increased, as was his compensation. Contemporaneously with one pay increase, McNeal agreed that he was working in an exempt status.
 
 
 5
 Later, in 1982, U.S. Steel Mining Co. acquired Carbon Fuel; at the time of the acquisition Carbon Fuel classified McNeal as "lab manager." After U.S. Steel Mining's acquisition of the enterprise, the plaintiff's duties remained unchanged until his lay off in 1984.
 
 
 6
 At the conclusion of the bench trial, the district court found that McNeal supervised the three other employees in the lab; moreover, McNeal approved overtime work for these employees. McNeal trained new employees. He ordered supplies for the lab. He checked the work product of the employees in the lab, and discussed errors with them. He had no fixed working hours, and was on call twenty-four hours a day when there was a malfunction of the equipment. He was found to have overall responsibility for the operation of the lab, and received little supervision from his own superior.
 
 
 7
 On occasion, McNeal was sent to Norfolk, Virginia to oversee the export of the employer's coal.
 
 
 8
 His salary was more than $2,400 per month, while the salaries of the other employees in the lab ranged between $1,300 and $1,500 per month.
 
 
 9
 Based upon those findings, the district court concluded that McNeal's primary duty was "the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein...." 29 C.F.R. Sec. 541.1(f) (1987).
 
 II.
 
 10
 The defendant's groundless defense that the plaintiff's claim is barred by his agreement with Carbon Fuel that he was exempt from the coverage of the Fair Labor Standards Act need not detain us. Employer and employee may agree upon the duties and responsibilities to be shouldered by the employee, but they may not agree upon the legal consequence of the employee's performance. Agreement as to result or no, the coverage of the statute will be determined on the basis of what the employee actually did.
 
 
 11
 The findings of fact are not clearly erroneous, and the findings warrant the conclusion that the plaintiff's "primary duty" was the management of the lab within the meaning of 29 C.F.R. Sec. 541.1(f) (1987). His compensation was significantly greater than that of the other employees in the lab and the finding of his exercise of managerial authority is not clearly erroneous.
 
 
 12
 Nor are we impressed with the plaintiff's claim that he was a "working foreman" or "straw boss." See 29 C.F.R. Sec. 541.115 (1987). An employee earning between $155 and $250 per week, whose duties are primarily managerial, is, nevertheless, covered by the statute if he spends more time in nonexempt work than he does in exempt work. But that exception to the exception does not apply here, for McNeal made much more than $250 per week. For such an employee, the test to be applied is whether or not his duties are primarily managerial.
 
 
 13
 The district court used the proper test, and, since his findings are not clearly erroneous, we must affirm.
 
 
 14
 AFFIRMED.